PETERMAN, Appellee,

v.

VILLAGE OF PATASKALA, Appellee; Howard et al., Appellants.

[Cite as *Peterman v. Pataskala* (1997), 122 Ohio App.3d 758.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 97 CA 10.

Decided Sept. 22, 1997.

*Buckingham, Doolittle & Burroughs, Brent D. Rosenthal* and *Andrew W. Owen,* for appellee Rosemary Peterman.

*Harvey H. Shapiro,* for appellee Village of Pataskala.

*Jennifer L. Brunner* and *Robert E. Williams,* for appellants.

JOHN W. WISE, Judge.

Appellants James Howard, Bonnie David Howard, Bruce Hulsart, William M. Custer, Richard Argo, Beth Argo, David P. Carlin, and Elizabeth G. Carlin are appealing the decision of the Licking County Court of Common Pleas which denied them the right to intervene in a lawsuit filed by appellee Rosemary Peterman against the appellee village of Pataskala. Appellee Peterman filed her declaratory judgment action for the rezoning of 98.966 acres of land she owns, located in the village of Pataskala. Appellee Peterman sought to have the tract of land rezoned from an agricultural zoning classification to a residential zoning classification.

Appellee Peterman filed the declaratory judgment action after appellee village denied her request for rezoning. The village filed its answer on November 27, 1996. On January 13, 1997, the village conducted an emergency meeting. At the meeting, city council authorized its solicitor to enter into settlement negotiations with Peterman.

Appellants learned of these negotiations, within three days of the emergency meeting, and filed a motion to intervene as a party defendant on January 21, 1997. However, prior to ruling upon appellants' motion to intervene, the trial court entered an agreed judgment entry, signed by Andrew W. Owen, on behalf of both parties, that the case had been settled and dismissed.

Subsequently, on February 3, 1997, the trial court filed a judgment entry denying appellants' motion to intervene as new party defendants. In denying appellants' motion to intervene, the trial court found that the motion to intervene had not been timely filed, that appellants did not have any interest in the property that was the subject of the declaratory judgment action filed by appellee Peterman, and that appellants' arguments were speculative, at best.

Appellants timely filed their notice of appeal, appealing both the agreed judgment entry and the judgment entry denying their motion to intervene. Appellants set forth the following assignments of error for our consideration:

"I. The trial court erred to the prejudice of appellant in denying appellants' motion to intervene, because the criteria required by Civ.R. 24 were satisfied.

"II. The trial court erred to the prejudice of appellants in denying appellants' motion to intervene, because the entry of the agreed judgment in their absence violated appellants' due process rights.

"III. The trial court erred to the prejudice of appellants in entering the agreed judgment entry, because it lacked jurisdiction to do so."

I

Appellants maintain, in their first assignment of error, that the trial court improperly denied their motion to intervene. For the reasons that follow, we agree and sustain appellants' first assignment of error.

Civ.R. 24(A) provides:

"Upon timely application, anyone shall be permitted to intervene in an action * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Therefore, based upon Civ.R. 24(A), the following elements must be met before a party may intervene: (1) the intervenor must claim an interest relating to the property or transaction that is the subject of the action; (2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; (3) the intervenor

must demonstrate that his or her interest is not adequately represented by the existing parties; and (4) the motion to intervene must be timely. *Fairview Gen. Hosp. v. Fletcher* (1990), 69 Ohio App.3d 827, 831, 591 N.E.2d 1312, 1314–1315.

Ohio case law has established that the right to intervene must be liberally construed. *Blackburn v. Hamoudi* (1986), 29 Ohio App.3d 350, 353, 29 OBR 479, 481–482, 505 N.E.2d 1010, 1013–1014.

In reviewing the trial court's denial of appellants' motion to intervene, we apply an abuse-of-discretion standard. *Jamestown Village Condominium Owners Assn. v. Market Media Research, Inc.* (1994), 96 Ohio App.3d 678, 694, 645 N.E.2d 1265, 1272. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142. It is based upon this standard that we review appellants' assignments of error.

As noted above, we find that appellants did meet the requirements of Civ.R. 24(A), and therefore, the trial court abused its discretion when it denied appellants' motion to intervene. First, we find that appellants do have an interest relating to Peterman's property that she sought to have rezoned. This interest is based upon the fact that appellants are either contiguous property owners or nearby neighbors to the property at issue. Appellants make use of their property in character with its current zoning classification. Further, appellants raise legitimate concerns that may affect the use of their property if forty-nine homes are constructed on Peterman's property. Appellants cite the potential health and safety hazards from the low permeability of the soil, the lack of a central sewer system, and the increased traffic. Although these concerns may be addressed by other municipal agencies, they are still a legitimate concern at the time of a zoning change.

Second, we find that appellants' inability to intervene in the action would impede appellants' ability to protect their interests. Paragraph 11 of the agreed judgment entry states:

"That the Mayor and all appropriate officials of the Village timely and in good faith cause the current zoning map, comprehensive plan, and zoning ordinances of the Village to reflect the zoning of Plaintiff's property as R–87 (or the equivalent thereof)."

This settlement prevents appellants from even exercising their right to a municipal referendum because it was not adopted by legislative action. Further, the agreed judgment entry circumvents the ordinances and rules of the village, which require a two-thirds majority vote of city council to reject a recommendation of denial of a zoning request by the Pataskala Planning and Zoning Board.

Clearly, without intervention, appellants would not be able to protect their interests.

Third, we find that appellants' interests were not adequately represented by the village because although initially denying the zoning request, the village subsequently entered into the agreed judgment entry granting Peterman's zoning change.

Finally, we find that appellants' motion to intervene was timely filed. In *Grubbs v. Norris* (C.A.6, 1989), 870 F.2d 343, 345, the court set forth five factors that govern the determination of whether a motion to intervene has been timely filed: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

Although appellants did not file their motion to intervene until after they learned of the settlement and agreed judgment entry, we find that the filing was still timely due to the nature in which this action progressed. Peterman filed her declaratory judgment action on November 1, 1996. By the end of January 1997, the agreed judgment entry was filed. The appellants learned of city council's action on January 13, 1997, authorizing its solicitor to enter into settlement negotiations with Peterman. Appellant Howard filed his motion to intervene on January 21, 1997, with the remaining appellants filing their motion on January 24, 1997. Appellants were not dilatory in filing their motion.

Appellants sought to intervene to protect their property rights. Although appellants may have known of the existing lawsuit, which was filed in November 1996, the appellants became aware that the village was not representing their interests only when appellants learned of the settlement. This is based upon the fact that the declaratory judgment action challenged the constitutionality of the actions taken by city council. However, the settlement, rather than addressing the constitutional questions raised in Peterman's declaratory judgment action, proceeded to make the zoning change originally requested by Peterman.

Further, we find no prejudice to appellees by allowing appellants to intervene. The parties sought intervention before the agreed judgment entry was filed; however, the trial court did not rule on appellants' motion until after the case was settled and the agreed judgment entry was filed. Therefore, since the motion to intervene was filed before the agreed judgment entry, we find that no prejudice

would result to appellees, even though the trial court addressed the motion after the agreed judgment entry was filed.

Finally, we find intervention appropriate due to the fact that appellants have no other method, available to them, to protect their interests. Such circumstances favor intervention.

Based upon the above, we find that the trial court abused its discretion when it unreasonably denied appellants' motion to intervene.

Appellants' first assignment of error is sustained. We will not address appellants' remaining assignments of error as they are moot based upon our disposition of appellants' first assignment of error.

For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

READER, P.J., and WILLIAM B. HOFFMAN, J., concur.