OPINION
Proposed intervenor-appellant State of Ohio, ex rel. Betty D. Montgomery, Attorney General of Ohio appeals the March 2, 1999 Judgment Entry of the Stark County Court of Common Pleas, Probate Division, which denied its Motion to Intervene in a will contest action filed in that court. Plaintiffs-appellees are Mary DeVincens, et al. (hereinafter "DeVincens"), and defendants-appellees Erma Henry, et al. (hereinafter "Henry").
 STATEMENT OF THE FACTS AND CASE
On or about June 24, 1996, N. Knute Morelli executed a Last Will and Testament (hereinafter "1996 Will") bequeathing certain stock to his sister, Erma Henry, and her husband, W.K. Henry, and devising his residence and near-by property to The Massillon Museum for the creation of "a museum and cultural center dedicated to memorializing the accomplishments of Italian-Americans Citizens of Stark County, Ohio and also for creation of an Italian-American cultural center." The 1996 Will left the remainder of his estate to his four sisters equally. Appellant claimed the value of the property devised in the 1996 Will to The Massillon Museum to be approximately $5,000,000. On October 29, 1997, the day before his death, Mr. Morelli apparently executed a handwritten, holographic will (hereinafter "1997 Will") wherein he left all his property to his niece, Barbara Henry Bertovich, his sister, Erma Henry, and his sister's husband, W.K. Henry. The 1997 Will was admitted to probate on January 9, 1998, in the Stark County Court of Commons, Probate Division, Case No. 167940. On May 8, 1998, DeVincens filed a will contest in that case, requesting the probate court declare the 1997 Will invalid due to a lack of testamentary capacity by Mr. Morelli at the time of its execution. In December of 1998, appellant learned of the existence of the two wills. On February 3, 1999, appellant filed its Motion to Intervene together with Proposed Answer and Complaint pursuant to R.C. 109.23 in order to protect the public interest in the charitable trust which would have been created had the 1996 Will been admitted to probate and the decedent's estate administered in accordance thereto. Appellant's motion was summarily denied by the probate court via Judgment Entry filed March 2, 1999. On March 18, 1999, DeVincens filed a Notice of Dismissal of the will contest action, having reached a settlement with Henry. The settlement did not provide for any distribution to The Massillon Museum. It is from the probate court's March 2, 1999 Judgment Entry, denying its Motion to Intervene, appellant prosecutes this appeal, assigning as error:
I. THE TRIAL COURT ERRED IN DENYING THE ATTORNEY GENERAL'S MOTION TO INTERVENE AS OF RIGHT PURSUANT TO CIVIL RULE 24(A) (FINAL JUDGMENT, ENTERED 3/2/99; MOTION, FILED 2/3/99). THE ATTORNEY GENERAL IS A NECESSARY PARTY AND UNCONDITIONALLY ENTITLED TO INTERVENE PURSUANT TO O.R.C. 109.24, 109.25, AND 2107.73, BECAUSE THE INSTANT WILL CONTEST ACTION NECESSARILY AFFECTS A CHARITABLE INTEREST CREATED BY A PRIOR WILL.
II. IN THE ALTERNATIVE, THE TRIAL COURT ERRED IN DENYING THE ATTORNEY GENERAL'S MOTION TO INTERVENE PERMISSIVELY PURSUANT TO CIVIL RULE 24(B) (FINAL JUDGMENT, ENTERED 3/2/99; MOTION, FILED 2/3/99), AS AN INTERESTED PARTY PURSUANT TO O.R.C. 109.24, 109.25, AND 2107.73 AND IN THE INTEREST OF EQUITY AND JUDICIAL ECONOMY, BECAUSE O.R.C. 109.25 AND 2107.73 CONFERRED A RIGHT TO INTERVENE, THE ATTORNEY GENERAL'S CLAIM HAVE SUBSTANTIAL QUESTIONS OF FACT AND LAW IN COMMON WITH THOSE OF THE PLAINTIFFS AND THE ATTORNEY GENERAL'S MOTION WAS TIMELY.
 I II
In as much as both assignments of error involve common issues, we shall address them together. We begin by stating the standard of review applicable to this appeal. When reviewing an order which denies a motion to intervene, the issue is whether the trial court abused its discretion. Peterman v. Village of Pataskala (1997),122 Ohio App.3d 758. In order to find an abuse of discretion, we must determine whether the trial court' decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In their reply brief, Henry asserts appellants' Motion to Intervene was not timely made. In as much as such issue is by its very nature preliminary to any consideration of whether R.C. 109.24
applies to the case sub judice, and because such issue is potentially dispositive of the appeal, we shall consider it first. R.C. 2107.76 provides: No person who has received or waived the right to receive the notice of the admission of a will to probate required by section 2107.19 of the Revised Code may commence an action permitted by section 2107.71 of the Revised Code to contest the validity of the will more than four months after the filing of certificate described in division (A)(3) of section 2107.19 of the Revised Code certifying the giving of that notice to or the waiver of that notice by that person. No other person may commence an action permitted by section 2107.71 of the Revised Code to contest the validity of the will more than four months after the initial filing of a certificate described in division (A)(3) of section2107.19 of the Revised Code. A person under any legal disability nevertheless may commence an action permitted by section 2107.71
of the Revised Code to contest the validity of the will within four months after the disability is removed, but the rights saved shall not affect the rights of a purchaser, lessee, or encumbrancer for value in good faith and shall not impose any liability upon a fiduciary who has acted in good faith, or upon a person delivering or transferring property to any other person under authority of a will, whether or not the purchaser, lessee, encumbrancer, fiduciary, or other person had actual or constructive notice of the legal disability.
The four month period for bringing a will contest for those persons not entitled to notice of admission of the will to probate under R.C. 2107.19 commences with the initial filing of a certificate of notice to a party entitled to notice. Such certificate of notice was filed in the case sub judice on January 30, 1998. The four month period for filing a will contest expired on May 30, 1998. Appellant filed its Motion to Intervene on February 3, 1999. Upon first impression, it appears appellant's Motion to Intervene clearly was untimely filed; therefore, the probate court did not abuse its discretion in summarily denying the motion. However, appellant asserts the statute of limitations specified in R.C. 2107.76 does not apply to it, the State of Ohio. Appellant further contends, assuming, arguendo, a motion by the State must be timely filed, it was an abuse of discretion for the probate court to deny its motion on that basis because the court had not set a trial date as of the time appellant filed the Motion to Intervene, and the only possible prejudice to the existing parties "was the prevention of their participation in an possibly exclusive settlement." Appellant's Brief at 8. In State of Ohio, Department of Transportation v. Sullivan (1988), 38 Ohio St.3d 137, the Ohio Supreme Court addressed the applicability of statute of limitations to the State. In Sullivan, the State brought a negligence action against the driver of a car to recover damages for the cost of repair of a guardrail damaged by the driver. The collision occurred on December 11, 1981. The State filed its complaint on June 4, 1984, more than two years after the accident. The statute of limitations at issue in Sullivan was R.C. 2305.10, which provides: An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.
The Ohio Supreme held in its syllabus: The state, absent express statutory provision to the contrary, is exempt from the operation of a generally worded statute of limitations. This rule serves the public policy of preserving the public rights, revenues, and property from injury and loss. Block v. North Dakota, ex rel. Bd of University School Lands (1983), 461 U.S. 273, 103 S.Ct. 1811,75 L.Ed.2d 840.
In its opinion, the Supreme Court specifically found R.C. 2305.10
was a general statute of limitations not expressly made applicable to the State. Id. at 140. In applying Sullivan to the case sub judice, we must first determine whether R.C. 2107.76 is a "generally worded" statute of limitations. If it is, the absence of an expressed statutory provision subjecting the State to its operation would result in our concluding the statute of limitations does not apply to the State. If it is not a "generally worded" statute of limitations, appellant's motion to intervene was untimely filed in this case. In Corron v. Corron (1988),40 Ohio St.3d 75, the Ohio Supreme Court held in syllabus, paragraphs 1 and 3: 1. Proceedings in probate court are restricted to those actions permitted by statute and by the constitution, since the probate court is a court of limited jurisdiction. . .
* * *
3. R.C. 2107.71 through 2107.77 are the exclusive sections under which a will contest may be brought in the probate court.
When comparing R.C. 2107.76 to R.C. 2305.10, we note the former is limited to will contest actions in probate court, a court of limited jurisdiction. R.C. 2305.10 pertains to any action for bodily injury or injury to personal property filed in any court of general jurisdiction. Upon comparison, we conclude R.C. 2107.76 is not a "generally worded" statute of limitations, but rather a specific statute of limitations; therefore, appellant is subject to its provisions. Accordingly, we find appellant's Motion to Intervene was untimely filed and the probate court did not abuse its discretion in summarily denying the motion. Appellant's two assignments of error are overruled.
The judgment of the Stark County Court of Common Pleas, Probate Division is affirmed.
Hoffman, P.J. and Farmer, J. and Edwards, J. concur