OPINION
Proposed-intervenors/defendants-appellants, William Brausch ("Brausch") and Morrow Environmental Preservation Association ("MEPA"), appeal a decision of the Warren County Court of Common Pleas denying their motion to intervene in a lawsuit filed by plaintiffs-appellees, Richard Clarke ("Clarke") and Browning-Ferris Industries, Inc. ("Browning-Ferris"), against defendant-appellee, Warren County Board of Commissioners ("the Board").
Clarke and Browning-Ferris own a 131.6909 acre tract of land in Union Township upon which they seek to operate a solid waste disposal facility. The proposed facility would occupy approximately fifty-nine acres of the 131.6909 acre tract of land. The land is governed by the Warren County Zoning Code ("the zoning code"). Clarke and Browning-Ferris sought to have the tract of land rezoned from its current Rural Residence R-1 classification to a Solid Waste Disposal S-D classification. The operation of a solid waste disposal facility is an impermissible use under R-1 zoning, but a permissible use under S-D zoning.
Following the Board's denial of their application for a zoning change, Clarke and Browning-Ferris filed a complaint in the trial court on December 31, 1998 seeking a declaratory judgment that the application of the zoning code, as applied to their tract of land, was unconstitutional.[1] On August 4, 1999, appellants filed a motion to intervene. Brausch owns a tract of land adjacent to the Clarke/Browning-Ferris tract of land. Brausch is a member of MEPA which describes itself as "an Ohio not for profit corporation established to protect the environment in and around the Village of Morrow, Ohio." By entry filed December 28, 1999, the trial court denied appellants' motion to intervene. This appeal follows.
On appeal, appellants present two assignments of error in which they challenge the trial court's denial of their motion to intervene. At the heart of both assignments of error is appellants' claim that they should have been permitted to intervene as defendants in the declaratory judgment action under either Civ.R. 24(A)(2), intervention of right, or Civ.R. 24(B)(2), permissive intervention.
It is well-established that the grant or denial of a motion to intervene pursuant to either Civ.R 24(A) or Civ.R. 24(B) rests within the discretion of the trial court and will not be disturbed on appeal absent the showing of an abuse of discretion. Petermanv. Pataskala (1997), 122 Ohio App.3d 758, 761; Williams v. Avon
(1977), 52 Ohio App.2d 210, 212. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
Upon timely application, Civ.R. 24(A)(2) sets forth three conditions that must be met in order for a party to intervene as of right. First, the intervenor must claim an interest relating to the property or transaction which is the subject of the action. Second, the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his interest. Third, the intervenor must show that his interest is not adequately represented by the existing parties. Fairview Gen. Hosp. v.Fletcher (1990), 69 Ohio App.3d 827, 831. Failure of an intervenor to satisfy each requirement of Civ.R. 24(A)(2) will result in denial of the right to intervene. Id.
The trial court denied intervention pursuant to Civ.R. 24(A)(2) upon finding that neither appellant had a legal interest in the Clarke/Browning-Ferris tract of land, that the outcome of the declaratory judgment action would not impair appellants' ability to "take appropriate action in the future to prevent any unlawful infringement of their respective rights by the owners o[r] users of the subject parcel of land[,]" and that appellants' interests would be adequately protected by the Board.
Before we address appellants' argument under Civ.R. 24(A)(2), we wish to take judicial notice of the location of the village of Morrow in relation to Union Township. Judicial notice is the process by which a court takes recognition of a fact in the absence of any formal proof. State v. Brown (Apr. 13, 1992), Clermont App. No. CA91-07-043, at 6, unreported. Evid.R. 201(B) provides that facts generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination may be subject to judicial notice. "A court may take judicial notice, whether requested or not." Evid.R. 201(C). We therefore take judicial notice of the fact that the village of Morrow is not located within the boundaries of Union Township but rather, is surrounded on all of its sides by Salem Township.
"The exact nature of the interest required to sustain a right to intervene [under Civ.R. 24(A)(2)] has eluded precise and authoritative judicial definition. At a minimum, however, a person must have a direct interest in the subject matter of the litigation, rather than an indirect or contingent interest." Guide to the Ohio Rules of Civil Procedure (2 Ed. 1999) 481, Section 24-5. In light of the fact that the village of Morrow is not located within the boundaries of Union Township where the proposed solid waste disposal facility would be operated, we find that MEPA has, at best, an indirect or contingent interest in both the Clarke/ Browning-Ferris tract of land and the declaratory judgment action. We therefore find that the trial court did not abuse its discretion in denying intervention to MEPA under Civ.R. 24(A)(2).
Whether Brausch has a direct interest is, by contrast, a close call. Brausch contends he has a vital interest in the outcome of the declaratory judgment action because a decision of the trial court allowing Clarke and Browning-Ferris to construct and operate a solid waste disposal facility on their tract of land "will affect the potential uses that Brausch can have for his property as an adjoining landowner." The Board, in turn, contends that appellants do not have a legal interest where the sole underlying issue of the declaratory judgment action is the constitutionality of the zoning code as applied to the Clarke/Browning-Ferris tract of land. Both parties have arguably valid positions.
On one hand, pursuant to R.C. 2721.12, which governs necessary parties in a declaratory judgment, "[t]he surrounding property owners may have a practical interest in the outcome of a declaratory judgment action attacking the constitutionality of zoning as it applies to a specific parcel of property, but they have no legal interest in the outcome. Therefore, they are not necessary parties-defendant to such an action." Driscoll v.Austintown Assoc. (1975), 42 Ohio St.2d 263, 273.
On the other hand, Brausch may have a direct interest relating to the tract of land Clarke and Browning-Ferris sought to have rezoned to operate a solid waste disposal facility. This interest is based upon the fact that Brausch is the owner of an adjacent property to the tract of land at issue. Peterman,122 Ohio App.3d at 761. Brausch makes use of his property in character with its current zoning classification. Id. Further, Brausch raises concerns that may affect the use of his property if a solid waste disposal facility is constructed and operated on the Clarke/Browning-Ferris tract of land. Id.
Upon reviewing the record, we find, unlike the trial court, that Brausch has a direct interest in the subject matter of the declaratory judgment action. This, however, does not end our analysis.
As set forth in Civ.R. 24(A), applicants for intervention are not entitled to intervene if their interest is adequately represented by existing parties. "The adequacy of existing representation is sometimes regarded as only a minimal barrier to intervention of right." Nationwide Mut. Ins. Co. v. Clow (Sept. 30, 1992), Hamilton App. No. C-910511, 1992 Ohio App. LEXIS 4957, at *5, unreported. "However, an applicant for intervention must produce something more than speculation as to the purported inadequacy of representation by existing parties." Id. "Where the party seeking to intervene has the same ultimate goal as a party already in the suit, courts have applied a presumption of adequate representation, and to overcome that presumption, applicants ordinarily must demonstrate adversity of interest, collusion or nonfeasance." Id. at *6, citing Moosehead Sanit.Dist. v. S.G. Phillips Corp. (C.A.1, 1979), 610 F.2d 49.
Brausch contends that his interest is not adequately represented by the Board because unlike for him, "[w]in or lose, the outcome will not affect the [Board's] property or [its] economic investment in any real estate." Brausch also contends that "[a]rguably, Warren County would receive a benefit by losing
this case. The statutory fees collected by the county as `tipping fees' pursuant to [OAC] 3745-28-03 give it such an incentive." (Emphasis sic.)
We find that Brausch has failed to show that his interest is not adequately represented by the Board. First, Brausch's contention that the Board arguably cannot adequately represent his interest because of the "tipping fees" is highly speculative, especially since those fees were already in place in the Ohio Administrative Code when the Board denied the Clarke/Browning-Ferris zoning change application.
Second, Brausch's contention that the Board cannot adequately represent his interest because it does not own property adjacent to the proposed solid waste disposal facility is also speculative. It is well-established that "[a] party charged by law with representing the interests of the absent party will usually be deemed adequate to represent the absentee." Delaware ValleyCitizens' Council v. Pennsylvania (1982), 674 F.2d 970, 973. We agree with the Board that its elected members have the legal responsibility to represent the best interests of all citizens of Warren County. See White v. Clinton Cty. Bd. of Commrs. (1996),76 Ohio St.3d 416. In addition, Brausch and the Board share the same ultimate goal regarding the declaratory judgment action, that is, to defend the constitutionality of the zoning code as applied to the Clarke/ Browning-Ferris tract of land. Brausch has failed to show adversity of interest, collusion, or nonfeasance on the part of the Board. Accordingly, we find the trial court did not abuse its discretion in denying Brausch's motion to intervene under Civ.R. 24(A)(2).[2]
Civ.R. 24(B)(2) provides that "[u]pon timely application[,] anyone may be permitted to intervene in an action * * * when an applicant's claim or defense and the main action have a question of law or fact in common." "While permissive [intervention] has been allowed where an intervenor had an economic interest in the suit, * * * it is still within the discretion of the trial court whether to allow intervention * * * ." Clow, Hamilton App. No. C-910511, 1992 Ohio App. LEXIS 4957, at *7-8, unreported.
Unlike under Civ.R. 24(A)(2), the trial court summarily denied appellants' motion to intervene under Civ.R. 24(B)(2) without any analysis. As already noted, the Clarke/Browning-Ferris tract of land is located in Union Township. By contrast, the village of Morrow is not located within the boundaries of Union Township, but rather is surrounded by Salem Township. As such, we fail to see how the village of Morrow and MEPA will be affected by the outcome of the declaratory judgment action. Consequently, the trial court's decision to deny intervention to MEPA under Civ.R. 24(B)(2) is not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See Kuhn v. Hamilton Cty. Bd. ofCommrs. (Mar. 27, 1996), Hamilton App. No. C-940328, unreported.
Appellants, and in particular Brausch, like the Board, sought to uphold the zoning code to prevent Clarke and Browning-Ferris from constructing and operating a solid waste disposal facility on their tract of land. Appellants fail to demonstrate that they would raise any different issues than those set forth by the Board. See Loreto Dev. Co., Inc. v. Chardon (Oct. 18, 1996), Geauga App. No. 95-G-1922, unreported. Again, this court is not convinced that appellants' interests would not be adequately represented by the Board. We therefore find no abuse of discretion by the trial court in denying appellants' motion to intervene under Civ.R. 24(B)(2). Appellants' first and second assignments of error are overruled.
YOUNG, P.J., concurs.
VALEN, J., concurs in part and dissents in part.
[1] By notice of reservation of rights filed March 1, 1999, the Ohio Attorney General's Office "elected not to participate as a party" in the declaratory judgment action but "request[ed] notification of when the constitutional issues [would be] ripe for the [trial court's] consideration and specifically reserve[d] the right to appear and be heard at such time."
[2] In light of our holding regarding the adequacy of representation by existing parties, we find it unnecessary to address whether appellants' motion to intervene was timely filed and whether the disposition of the declaratory judgment action would impair or impede Brausch's ability to protect his interest. See Fairview Gen. Hosp., 69 Ohio App.3d at 831.