Respectfully, I dissent. The trial court did not abuse its discretion in denying the attorney general's motion to intervene.
This court can only reverse an order denying a motion to intervene if the trial court abused its discretion. See Peterman v. Village of Pataskala (1997), 122 Ohio App.3d 758. The attorney general may only intervene in cases involving a charitable trust. R.C. 109.25.
A charitable trust is created when the settlor clearly manifests an intention to impose mandatory duties upon the holder of the property, to use the property for certain charitable purposes. R.C. 109.23; Ohio Soc. for Crippled Children Adults, Inc. v. McElroy, (1963) 175 Ohio St. 49,51; See Restatement of Trusts 2d., Section 351. A suggestion, wish or moral obligation that the transferee should apply the property to charitable purposes is not sufficient. Brown v. First Presbyterian Church of Mt. Gilead, (Oct. 23, 1981), Morrow App. No. CA-586, unreported. To constitute an express trust under Ohio law, there must be either explicit language to that effect or circumstances which show with reasonable certainty that a charitable trust was intended. In re Parkview Hosp. (Bkrtcy.N.D. Ohio 1997), 211 B.R. 619, 633; Brown, supra.
The Attorney General asserts that Dr. Lynch held UDI in a charitable trust for the benefit of University Hospitals and CWRU. The complaint never alleged that a charitable trust was created. The complaint alleges a resulting trust and a constructive trust. These trusts do not require a manifest intent to create them. The facts of the complaint do not establish any manifest expression of a mandatory duty to use the property for certain charitable purposes.
Appellant asserts the money and equipment given by University Hospital to UDI was given to appellees under circumstances where it was reasonably certain a charitable trust was created. For example, donations to a charitable corporation, where the donors are told the fund is restricted for charitable purposes, is an express charitable trust. Parkview, supra. UDI was a private for-profit corporation, not a charitable corporation. There was no expression that the money and equipment only be used for certain charitable purposes. The trial judge could find that the circumstances were not such that it was reasonably certain a charitable trust was created.
Moreover, the trial court held a hearing on the Attorney General's motion to intervene. The Attorney General was unable to point to any evidence showing that a charitable trust was created.
The common law powers of the Attorney General do not permit the Attorney General to intervene in a suit that does not involve a charitable trust. The common law powers enable the Attorney General to file a suit alleging any abuses of charitable donations, not just when a charitable trust exists. Brown v. Concerned Citizens for Sickle Cell Anemia, Inc., (1978), 56 Ohio St.2d 85, 90. The attorney general is only given the power to intervene and void a judgment in the case of an existing charitable trust. R.C. 109.25.
The trial court did not abuse its discretion in denying the Attorney General's motion to intervene and denying its motion to void the judgment. Accordingly, I would overrule the Attorney General's assignments of error.