DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Fulton County Court of Common Pleas, Juvenile Division, which denied the motions of appellant Ronald D. to intervene in the above captioned action and for visitation rights with the minor child Sadie Elizabeth S. From that judgment, appellant raises the following assignments of error:
 {¶ 2} "I. The trial court erred to the prejudice of the appellant by requiring a finding of unsuitability or parental shortcomings on behalf of the residential parent as a prerequisite for the court to hear a third-party motion for visitation rights.
 {¶ 3} "II. The trial court abused its discretion in denying the appellant's motion for intervention without considering the factors as set forth in Civil Rule 24(B)."
 {¶ 4} Sadie Elizabeth S. was born in 1997. Since shortly after her birth, she has been the subject of a battle between her parents, appellees Casandra M. and Anthony S., over support, visitation, and companionship matters. Casandra M. has been Sadie's residential parent and legal custodian since her birth and Anthony S. has been granted visitation and companionship rights.
 {¶ 5} Appellant is the maternal step-grandfather of Sadie. On July 28, 2005, appellant filed a motion to intervene pursuant to Civ.R. 24(B) and a motion for visitation rights pursuant to R.C.3109.051(B)(1) and 3109.12. In support of his motion, appellant asserted that he is related to Sadie by affinity, has a long standing interest in Sadie's welfare and that granting him visitation and companionship rights would be in her best interest. On October 17, 2005, the lower court filed a judgment entry on then pending matters regarding Sadie. In particular, the court again named Casandra M. as the primary residential parent of Sadie and granted Anthony S. visitation and companionship rights. In doing so, however, the court expressly held:
 {¶ 6} "Furthermore, at this time, Father agrees that he will not leave Sadie alone with Ron D. [appellant herein]. Any contact with Mr. [D.] shall be supervised by either Mr. or Mrs. [S.]"
 {¶ 7} On October 21, 2005, the court filed an entry denying appellant's motion for visitation "following the stated objection by the custodial parent." In response, appellant filed a request for separate findings of fact and conclusions of law. On October 31, 2005, the lower court obliged, issuing separate findings of fact and conclusions of law. In pertinent part, the court noted that on October 17, 2005, the parties and their counsel met in chambers with the court, appellant and his attorney, at which time Casandra M. objected to her step-father's motion. The court further referenced an earlier hearing of July 8, 2005, at which time both parents were concerned that harm could come to Sadie if unsupervised contact occurred between appellant and Sadie. As such, the court noted that the provision in the October 17, 2005 judgment entry regarding appellant was designed to protect Sadie from any inappropriate contact with him. The court then held:
 {¶ 8} "After reviewing all the facts and noting that the Motion for Visitation did not allege any unsuitability or parental shortcomings on behalf of the residential parent Casandra [M.] the Court could find no compelling State interest to overrule her objection to the visitation. See Oliver v.Feldner, 149 Ohio App.3d 114 (2002) [sic]. The Court further noted that at the above Pre-Trial Conference in Chambers that Attorney Gary L. Smith did not request a further evidentiary hearing and/or make a proffer as to any additional evidence that Mr. [D.] would have. Therefore the Court Granted the Objections to both the Motion to Intervene and Motion for Visitation Rights; and thereby dismissed the same.
 {¶ 9} "Since the Hearing on October 17, 2005, the Court has not been presented with any additional facts or information that there are compelling interests to overrule the objections of the child's Mother and Residential Parent, Casandra [M.]; nor any additional information that it would be in the best interest of Sadie Elizabeth [S.] to have additional contact with her Step-grandfather Ronald D. [D.], as previously provided by the parent's Allocation of Parental Rights and Responsibilities plan."
 {¶ 10} Appellant now challenges the trial court's denial of his motions to intervene and for visitation. In his first assignment of error, appellant asserts that the trial court erred in requiring a finding of parental unsuitability as a prerequisite to the consideration of a nonparent's motion for visitation. In our view, however, the lower court did not require a finding of parental unsuitability as a prerequisite to considering appellant's motion for visitation. Rather, the court considered the motion and determined that because Sadie's parents were not unfit, they had a paramount right to determine who had visitation with their child, their wishes would be given special consideration, and appellant had not presented the court with any information that it would be in Sadie's best interest to have additional visitation with appellant.
 {¶ 11} In Harrold v. Collier, 107 Ohio St.3d 44,2005-Ohio-5334, the Supreme Court of Ohio recently addressed the issue of "[w]hether Ohio Court's are obligated to afford 'special weight' to the wishes of the parents of minor children concerning non-parental visitation as outlined in Troxel v. Granville
(2000), 530 U.S. 57." Id. at ¶ 7. The court answered that question in the affirmative. The court then, in a discretionary appeal from the same case, was asked to determine the constitutionality of Ohio's nonparental-visitation statutes, R.C.3109.11 and 3109.12. The court concluded that they were constitutional in that "[t]he state has a compelling interest in protecting a child's best interest, and Ohio's nonparental-visitation statutes are narrowly tailored to serve that compelling interest." Id. at paragraph two of the syllabus.
 {¶ 12} Relevant to the case before us, R.C. 3109.12 provides:
 {¶ 13} "(A) If a child is born to an unmarried woman, the parents of the woman and any relative of the woman may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or visitation rights with the child. If a child is born to an unmarried woman and if the father of the child has acknowledged the child and that acknowledgement has become final pursuant to section 2151.232, 3111.25, or 3111.821 of the Revised Code or has been determined in an action under Chapter 3111. of the Revised Code to be the father of the child, the father may file a complaint requesting that the court of appropriate jurisdiction of the county in which the child resides grant him reasonable parenting time rights with the child and the parents of the father and any relative of the father may file a complaint requesting that the court grant them reasonable companionship or visitation rights with the child.
 {¶ 14} "(B) The court may grant the parenting time rights or companionship or visitation rights requested under division (A) of this section, if it determines that the granting of the parenting time rights or companionship or visitation rights is in the best interest of the child. In determining whether to grant reasonable parenting time rights or reasonable companionship or visitation rights with respect to any child, the court shall consider all relevant factors, including, but not limited to, the factors set forth in division (D) of section 3109.051 of the Revised Code."
 {¶ 15} R.C. 3109.051(D) sets forth 16 factors for the court to consider, including: "In relation to requested companionship or visitation by a person other than a parent, the wishes and concerns of the child's parents, as expressed by them to the court." R.C. 3109.051(D)(15). As is clear from the court's decision in Harrold, supra at paragraph one of the syllabus, these "wishes and concerns" are to be given "special weight." Special weight is given to the parents' wishes and concerns because, as the court in Harrold and so many other cases has recognized, "parents have a fundamental liberty interest in the care, custody, and management of their children." Id. at ¶ 40. As such, court's will only interfere with that interest where there is a compelling state interest. Id. at ¶ 39-40.
 {¶ 16} Upon review, an appellate court will not reverse the trial court's determinations as to visitation issues absent an abuse of discretion. In re Whaley (1993), 86 Ohio App.3d 304,317, citing Booth v. Booth (1989), 44 Ohio St.3d 142. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 17} In its findings of fact and conclusions of law, the lower court referenced a hearing of July 8, 2005, and an in-chambers discussion on October 17, 2005, with all parties and their counsel present, at which the subject of appellant's visitation with Sadie was discussed. Evidently, both of Sadie's parents expressed concerns regarding appellant having unsupervised visitation with Sadie and feared that harm to her could occur if appellant was permitted to have unsupervised visitation. The record contains no transcript of the July 8th hearing or any App.R. 9(C) statement of evidence. Similarly, there is no record of the October 17 discussion. An appellant has the responsibility for properly transmitting the record on appeal. App.R. 9; Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. Absent an adequate record, an appellate court must presume the validity of the trial court's actions and affirm its decision. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. As stated above, the trial court was permitted to give the parents' concerns special weight in determining appellant's motion for visitation. The record before us contains nothing from which we could conclude that the trial court abused its discretion in denying appellant's motion for visitation. Accordingly, the first assignment of error is not well-taken.
 {¶ 18} In his second assignment of error, appellant asserts that the lower court erred in denying his motion to intervene. Appellant filed his motion to intervene pursuant to Civ.R. 24(B), permissive intervention. In reviewing a trial court's ruling on a motion to intervene, we determine whether the court abused its discretion. Peterman v. Pataskala (1997), 122 Ohio App.3d 758,761.
 {¶ 19} Civ.R. 24(B) permits anyone to intervene in an action "(1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Appellant asserts that because his claim and the main action had a common question of law or fact, that is, the best interest of Sadie, the lower court should have permitted him to intervene.
 {¶ 20} Because the arguments raised under this assignment of error have been fully addressed by our discussion above, we find that the lower court did not err in denying appellant's motion to intervene and the second assignment of error is not well-taken.
 {¶ 21} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Fulton County Court of Common Pleas, Juvenile Division is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Skow, J., concur.