[Cite as *In re L.D.*, 2013-Ohio-2713.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| L.D., J.D., B.D. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | Case Nos.   13-CA-14 |
| | : |             13-CA-15 |
| | : |             13-CA-16 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Juvenile Division, Case Nos.
                              2009-AB-0094, 2009-AB-0095, 2009-
                              AB-0096

JUDGMENT:                     Affirmed

DATE OF JUDGMENT:             June 26, 2013

APPEARANCES:

For Appellant                          For Appellee

AARON R. CONRAD                        JULIE S. BLAISDEL
120½ East Main Street                  239 West Main Street, Suite 101
Lancaster, OH  43130                   Lancaster, OH  43130

For Roberta Prevette                   Guardian ad Litem

ADRIENNE LARIMER                       KRISTI McANAUL
118  West Chestnut Street              660 Hill Road, North
Lancaster, OH  43130                   Pickerington, OH  43147

For L.D.                               For J.D.

JERROLD SCHWARTZ                       JASON DONNELL
P.O. Box 482                           P.O. Box 670
Pickerington, OH  43147               Pickerington, OH  43147

For B.D.                               For  Charles Mack

JAMES DYE                              CHRISTINA MCGILL
P.O. Box 161                           123 South Broad Street, Suite 240
Pickerington, OH  43147               Lancaster, OH  43130

For Michael Butterbaugh

DAVID TAWNEY
117 West Main Street, Suite 208
Lancaster, OH  43130

*Farmer, J.*

{¶1}    On September 22, 2009, L.D., born December 23, 2003, J.D., born March 14, 2005, and B.D., born March 6, 2008, were found to be dependent children and placed in the temporary custody of appellee, Fairfield County Child Protective Services. Mother of the children is Roberta Prevette; father of L.D. is Michael Butterbaugh and father of J.D. and B.D. is Charles Mack.  Appellant, Lucas Davis, believed he was the father of the three children, but genetic testing confirmed he was not.

{¶2}    On February 28, 2012, appellant filed motions to intervene in the three separate actions.  By entries filed March 2, 2012, the trial court denied the motions.

{¶3}    On March 10, 2011, appellee filed motions for permanent custody of the children.  Hearings were held on August 21, and November 20, 2012.  By entries filed January 8, 2013, the trial court granted permanent custody of the children to appellee. Findings of fact and conclusions of law were attached to the entries.

{¶4}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}    "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING LUCAS DAVIS' MOTION TO INTERVENE."

I

{¶6}    Appellant claims the trial court erred in denying his motions to intervene. We disagree.

{¶7}    Appellant concedes he is not the biological father of the three children, but argues he has the right to intervene having raised and cared for the children, and he is the biological father of their half-sibling, J.D., born March 2, 2002.

{¶8}   Appellee and the guardian ad litem argue appellant's appeal is untimely. The trial court denied appellant's motion to intervene on March 2, 2012 and the notice of appeal was filed on February 5, 2013.

{¶9}   R.C. 2505.02 governs final orders.  Subsection (B) states the following:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code***;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶10}  A denial of a motion to intervene is an interlocutory order.  Based upon the finding of the lack of paternity, appellant was not a party to the actions pursuant to Juv.R. 2(Y) which states, " 'Party' means a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court."

{¶11}  Therefore, no statutory or substantive right was denied.  We conclude a timely appeal was pursued in this case.

{¶12}  On the issue of appellant's right to intervene, our standard of review is limited to an abuse of discretion.  *Peterman v. Village of Pataskala,* 122 Ohio App.3d 758 (5th Dist.1997).  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶13}  Civ.R. 24 governs intervention and states the following:

**(A) Intervention of right**

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the

property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**(B) Permissive intervention**

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.  When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action.  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

{¶14} Appellant is not the biological father of the children.  It is appellant's position that for years, he believed he was the biological father of the children and raised them.  The children were initially placed with appellant's aunt, Donetta Hart, and he lived in the same home.  See, Memorandum Entries filed December 1, 2009.[1] Appellant concedes the children were not placed with him, but with his aunt.  Day 1 T. at 105.  By entries filed February 2, 2010, the trial court ordered supervised visitation with appellant, thereby finding placement where appellant would be present was not

---

[1]The entries list Ms. Hart as appellant's "cousin" when in fact she is appellant's aunt.

permitted. Appellant has not taken care of the children since April 2010. Day 1 T. at 108. The social worker testified appellant did not successfully comply with his case plan. Day 2 T. at 24.

{¶15} We note L.D. and J.D. were born during coverture. Appellant and their mother were married on February 9, 2002 and were divorced in 2005, but remained together until November 2008. Day 1 T. at 51-52.

{¶16} Appellant never sought custody of the children and in fact, stipulated he was not able to assume custody or care for any of the children, but sought placement of the children's half-sibling, his biological child, with his half-sister, Echo Fox. Day 1 T. at 60-61; Stipulations filed August 21, 2012.

{¶17} In consideration of all of the variables, we find the trial court did not abuse its discretion in denying appellant's motion to intervene.

{¶18} The sole assignment of error is denied.

{¶19} The judgments of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division are hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

_____

_____

_____

SGF/sg 522                                                    JUDGES

[Cite as *In re L.D.*, 2013-Ohio-2713.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN THE MATTER OF: :
:
L.D., J.D., B.D. : JUDGMENT ENTRY
:
:
: CASE NOS:  13-CA-14
:                        13-CA-15
:                        13-CA-16



For the reasons stated in our accompanying Memorandum-Opinion, the judgments of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division, are affirmed.  Costs to appellant.



_____



_____



_____

JUDGES