AMERICAN SAND & GRAVEL, INC., APPELLEE, *v.* THEKEN, TOWNSHIP ZONING INSPECTOR, APPELLEE; INTERVENORS-APPLICANTS, APPELLANTS.

(No. CA-7163—Decided
July 20, 1987.)

*Neal Fitzgerald,* for appellee Patrice Theken, Jackson Township Zoning Inspector.

*Craig T. Conley* and *Allen Schulman, Jr.,* for intervenors-applicants.

WISE, J. This is an appeal from a judgment entered by the Court of Common Pleas of Stark County, denying a Civ. R. 24(A)(2) motion to intervene filed by forty-seven neighborhood and adjacent property owners ("adjacent owners") in Stark County Common Pleas case No. 86-1919. Case No. 86-1919 involves an R.C. Chapter 2506 appeal by appellee American Sand & Gravel, Inc. ("company") to the court of common pleas from an adverse ruling of the Jackson Township Board of Zoning Appeals ("zoning board"). The adjacent owners argue the following as their sole assignment of error:

"The trial court erred in denying * * * applicants' motion to intervene in the underlying action, said appellants being entitled, as a matter of right, to intervene under circumstances wherein they were so situated as to have a substantial right affected by the outcome of the appeal to [the] common pleas [court]."

This appeal is another chapter in the saga of the company's struggle to surface mine sand and gravel from acreage it owns in Jackson Township. Adjacent owners in the case at bar were intervenors-appellees in *American Sand & Gravel, Inc.* v. *Fuller* (Mar. 16, 1987), Stark App. Nos. CA-6952 and CA-7067, unreported. In case No. CA-6952, this court affirmed the zoning board's refusal to issue a conditional use permit for surface mining of sand and gravel.

Subsequent to this court's decision in case No. CA-6952, the zoning board denied the company's request for an increase in a nonconforming use for the same premises involved in case No. CA-6952. The adjacent owners, pursuant to R.C. 519.15, appeared with counsel before the zoning board and opposed the company's request for the increase in nonconforming-use status. The company appealed the zoning board's denial of the increase to the court of common pleas, designating only the Jackson Township Zoning Inspector ("zoning inspector") as a party-defendant. The adjacent owners, pursuant to Civ. R. 24(A)(2), then filed a timely motion to intervene. The trial court denied the motion to intervene, but permitted the filing of an *amicus curiae* brief by the adjacent owners.

The issue posed by this appeal is succinctly stated by the zoning inspector in her brief filed in the case at bar: Can persons who have appeared with counsel at a hearing before a township board of zoning appeals pursuant to R.C. 519.15, and whose position has been sustained by the zoning board, intervene as a matter of right pursuant to Civ. R. 24(A)(2) in a subsequent R.C. Chapter 2506 appeal filed in the court of common pleas by the unsuccessful party?

Civ. R. 24(A) provides:

"Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The Ohio Supreme Court has addressed this issue in two cases.

In *Roper* v. *Bd. of Zoning Appeals* (1962), 173 Ohio St. 168, 18 O.O. 2d 437, 180 N.E. 2d 591, syllabus, the Supreme Court stated:

"A resident, elector and property owner of a township, who appears before a township Board of Zoning Appeals, is represented by an attorney, opposes and protests the changing of a zoned area from residential to commercial, and advises the board, on the record, that if the decision of the board is adverse to him he intends to appeal from the decision to a court, has a right of appeal to the Common Pleas Court if the appeal is properly and timely made pursuant to Sections 519.15 and 2506.01 to 2506.04, inclusive, and Chapter 2505, Revised Code."

The Supreme Court has more recently reaffirmed this view, stating, in *Schomaeker* v. *First Natl. Bank of Ottawa* (1981), 66 Ohio St. 2d 304, 20 O.O. 3d 285, 421 N.E. 2d 530, at paragraph two of the syllabus:

"* * * A person owning property contiguous to the proposed use who has previously indicated an interest in the matter by a prior court action challenging the use, and who attends a hearing on the variance together with counsel, is within that class of persons directly affected by the administrative decision and is entitled to appeal under R.C. Chapter 2506." See, also, *id.* at 311, 20 O.O. 3d at 290, 421 N.E. 2d at 536-537.

In both the *Roper* and *Schomaeker* cases, the property owners had lost at the administrative level, and both cases held that the property owners were entitled to appeal. However, the case at bar involves the flip side of that situation. In this case the adjacent owners *won* at the administrative level. We believe, however, that it logically follows that the successful property owners have an equal right to protect their victory in an appeal to the court of common pleas and to appeal further if necessary. The Trumbull County Court of Appeals addressed this exact issue in *Bailes* v. *Martino* (1963), 2 Ohio App. 2d 197, 31 O.O. 2d 288, 207 N.E. 2d 385. In *Bailes,* the Howland Township Board of Zoning Appeals upheld the zoning inspector's refusal to grant the owner an additional nonconfirming use. Adjacent property owners had appeared at the administrative level but were not parties to the R.C. Chapter 2506 appeal to the court of common pleas. The court stated:

"* * * There is nothing in the record of the Common Pleas Court proceeding to indicate that appellant property owners were specially notified of the appeal, or that they participated in the proceedings there, *or that they applied for leave of court to become parties appellee* or even that they had then engaged counsel to represent them. * * *" (Emphasis added.) *Id.* at 198, 31 O.O. 2d at 288-289, 207 N.E. 2d at 386.

The court of appeals went on to state:

"It seems clear to us that present appellants *were entitled, on their application, to intervene as parties defendant-appellees in the appeal from the board's decision to the Court of Common Pleas. * * *"* (Emphasis added.) *Id.* at 199, 31 O.O. 2d at 289, 207 N.E. 2d at 387.

The same fact pattern appears in

the case at bar with the important exception that in the case at bar, the adjacent owners did move to intervene as parties appellee in the appeal before the Stark County Court of Common Pleas. The trial court erred in denying the motion to intervene.

We hold that the adjacent owners can intervene as a matter of right in the R.C. Chapter 2506 appeal. Therefore, we sustain the adjacent owners' sole assignment of error. The judgment of the Court of Common Pleas of Stark County is reversed, and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

PUTMAN, P.J., and TURPIN, J., concur.