OPINION
{¶ 1} This is an appeal from a decision of the Common Pleas Court denying appellant's application to intervene pursuant to Civ.R. 24(A) and/or (B).
 {¶ 2} The application to intervene is predicated on prior Stark County Case No. 2001CV03304.
 {¶ 3} In the earlier case, appellant had filed suit to prevent the Jackson Township Trustees from concluding an agreement to hire appellee as Public Services Coordinator based upon a violation of the Sunshine Law (R.C. § 121.22).
 {¶ 4} Such position was newly created and the appointment of appellee was to take effect subsequent to his resignation as Chief of Police.
 {¶ 5} While appellant did so resign he was not appointed to the new position as appellant and appellee entered into a settlement of Case No. 2001CV03304 without the participation of appellee or his counsel.
 {¶ 6} The settlement agreement in the prior case provided:
 {¶ 7} "1. Stipulated dismissal with prejudice, costs to Township Defendants.
 {¶ 8} "2. Payment by Township to Plaintiff's counsel of attorney's fees in the amount of $2,000.00.
 {¶ 9} "3. A new interim Chief of Police other than Phillip W. Paar ["Paar"] to be appointed by the Trustees on or before December 15, 2001.
 {¶ 10} "4. Paar's November 19, 2001 resignation as Chief of Police to remain in place.
 {¶ 11} "5 Formal Trustee recission/repeal of Resolutions Nos. 01-259, 01-260 and 01-262 purporting, respectively, to amend the Township Personnel Hiring Policy, to create the new position of Public Services Coordinator and to appoint Paar to said new position.
 {¶ 12} "6. Trustees shall not seek to formally legislate the aforesaid new position before May 1, 2002, if at all; and Trustees shall not seek to formally fill said position, if legislated, any earlier than thirty days after a resolution is adopted creating said position.
 {¶ 13} "7. In the interim between dismissal of this action and May 1, 2002, the Trustees shall duly announce/advertise and shall hold at least two evening public meetings wherein members of the public shall be permitted reasonable opportunity to address the Trustees regarding the aforesaid new position (either in person or through their agent and either orally or in writing).
 {¶ 14} "8. If the Trustees should opt to legislate the aforesaid new position, the Trustees shall thereafter advertise said opening and shall, in good faith, interview and duly consider all applicant's therefor.
 {¶ 15} "9. Effective on or before December 15, 2001, the Trustee may employ Paar as a new hire in the Jackson Township Police Department in any rank up to and including lieutenant; and the Trustees may waive the Township Personnel Hiring Policy for said employment position."
 {¶ 16} As is apparent from the settlement Entry, no finding was made by the court as to a violation of R.C. § 121.22.
 {¶ 17} Appellee was not hired to any position by the trustees after such settlement of Case No. 2001CV03304.
 {¶ 18} The case sub judice was one in which appellee alleged a contractual arrangement was agreed between himself and the township for his being hired as Public Services Coordinator or as Lieutenant and that in reliance therein he had resigned as Police Chief and that the trustees breached such contract. The prayer of the complaint asked for monetary damages, alternative relief of reinstatement as Public Services Coordinator or Lieutenant and other damages.
 ASSIGNMENT OF ERROR {¶ 19} The sole Assignment of Error is:
I.
 {¶ 20} "THE TRIAL COURT ERRED IN DENYING APPLICANT'S/APPELLANT'S CIV. R. 24(a) AND/OR 24(b) APPLICATION TO INTERVENE."
 I. {¶ 21} Civil Rule 24(A)(B) states:
 {¶ 22} "(A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 {¶ 23} "(B) Permissive intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."
 {¶ 24} We shall examine Civ.R. 24(B) initially. This permissive intervention rule is predicated on an abuse of discretion.
 {¶ 25} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 26} We agree with Judge Sinclair on determining that the rights granted to taxpayers, such as appellant, in R.C. § 309.13 and §5705.45, even though cited in support of the motion to intervene are not applicable and that the cases cited do not support appellant's conclusions.
 {¶ 27} We therefore find no abuse of discretion in the denial of the motion under Civ.R. 24(B).
 {¶ 28} Directing our attention to subsection (A) of such rule, we first determine that no statute gives an unconditional right to intervene.
 {¶ 29} Subsection (A)(2) speaks of an interest relating to the subject matter of the action which appellant cannot adequately protect and that appropriate representation of such interest is lacking.
 {¶ 30} Even though appellant asserts that she was a successful R.C. § 121.22 plaintiff in the prior case which is the "genesis" of this action, such is not revealed by the record in such prior action as there was no determination of a sunshine law violation nor "victory" but only a settlement of such asserted claim, to the exclusion of appellee, Parr. We find therefore that appellant's desire to be included as a party is no different than that of any Jackson Township taxpayer and that we cannot presume prior judicial determination.
 {¶ 31} Appellant's reliance upon American Sand and Gravel, Inc.v. Theken (1987), 41 Ohio App.3d 98 is misplaced.
 {¶ 32} In that case certain adjacent property owners with counsel actively participated in opposition during the administrative zoning procedure.
 {¶ 33} Upon appeal under R.C. § 2506.01 of the denial by the Board of Zoning Appeals this Court ruled that such owners could intervene as a matter of right under Civ.R. 24(A)(2).
 {¶ 34} This determination was consistent with the prior Ohio Supreme Court decisions of Roper v. Bd. of Zoning Appeals (1962),173 Ohio St. 168 and Schornacker v. First National Bank of Ottawa
(1981), 66 Ohio St.2d 304.
 {¶ 35} This Court recently reviewed Civ.R. (A)(2) requirements inMkparu v. Ohio Heart Care, Inc. (2002), 2002WL253779 (Ohio App.5th Dist.) and stated:
 {¶ 36} "* * *
 {¶ 37} "The standard of review for a Civ.R. 24(A)(2) motion for intervention as a matter of right is abuse of discretion. Meyers v. Basobas (1998), 129 Ohio App.3d 692, 696.
 {¶ 38} "* * *
 {¶ 39} "In order for a party to intervene as a matter of right, the following standards must be met:
 {¶ 40} "1) the intervenor must claim an interest relating to the property or transaction that is the subject of action; 2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; 3) the intervenor must demonstrate that his or her interest is not adequately represented by the existing parties; and 4) the motion to intervene must be timely. Classic Properties, Inc. v. Bd. of Trustees of Goshen Township (Jan. 28, 2002), Clermont App. No. CA2001-05-051, unreported, at 2.
 {¶ 41} "Failure to meet any one of the elements in Civ.R. 24(A) will result in denial of the right to intervene." Id. at 2, citing Fairview Gen. Hosp. v. Fletcher (1990), 69 Ohio App.3d 827, 831."
 {¶ 42} The only aspect of such standards applicable to the case sub judice is that of adequate representation of the taxpayers of Jackson Township, including appellant in this cause.
 {¶ 43} While we do not question the qualifications of counsel representing the Township, we are somewhat disturbed at the failure of participation of such political subdivision in this appeal.
 {¶ 44} While we affirm the trial court's denial of appellant's motion to intervene, we would expect the full legal protection of the taxpaying citizens of Jackson Township in these proceedings.
 {¶ 45} Disturbingly, the prior settlement of Case NO. 2001CV03304 was ex parte as to appellee Parr and we would expect the legal representation of the Township to understand that it represents such Township citizens and not merely the trustees.
 {¶ 46} The Assignment of Error is rejected.
 {¶ 47} This cause is affirmed.
By: Boggins, J., Reader, V.J. and Milligan, V.J. concur.
Topic: Non Joinder of Party