OPINION
{¶ 1} This is an appeal by Fred Charton — Intervenor from action taken by the Court of Common Pleas of Stark County. This appeal is related to appeals taken in 2004CA00326, 2005CA00032 and 2005CA00045.
 {¶ 2} For a complete picture of all of the facts surrounding these various appeals, the facts stated in such related cases are incorporated by reference.
 {¶ 3} As to this case, Appellant (Republic)'s predecessor in ownership of 100 acres in Pike Township, Stark County, Ohio, obtained in 1984 a conditional use permit from the Pike Township Board of Zoning Appeals to construct a landfill operation within such acreage. This was followed in 1989 by an Ohio EPA permit.
 {¶ 4} In 2004 Republic requested a conditional use permit of the Pike Township Board to expand the landfill acreage, and increase the height, capacity and anticipated life expectancy thereof.
 {¶ 5} Extensive hearings were held before such Board, in which Intervenor Charton, an adjoining property owner, participated.
 {¶ 6} The Board denied the conditional use permit application and a R.C. Chapter 2106 appeal was taken to the Stark County Common Pleas Court.
 {¶ 7} Such Intervenor Charton moved to be joined in such administrative appeal.
 {¶ 8} Appellant Charton represents that his Motion to Intervene was predicated on his opinion that the Board was not defending its decision to the extent he felt was necessary and that he, as an adjoining property owner had a right to intervene.
 {¶ 9} In the interim Republic filed and was granted a 25% expansion of its original conditional use permit or 25 acres.
 {¶ 10} Republic also initiated a Declaratory Judgment action in the Stark County Court of Common Pleas, Case NO. 2004CV02705, to designate its facility as a public utility and not subject to zoning regulations, and that such regulations are pre-empted by R.C. 3734.03 and for other relief.
 {¶ 11} A consent agreement in such case was filed which states as follows:
 {¶ 12} "1. The Court finds and declares that the Township of Pike ("Township") Zoning Resolution ("Zoning Resolution") provisions governing the issuance of conditional use permits for solid waste disposal facilities to the property of Republic Service of Ohio II, LLC ("Republic"), located at 3619 Gracemont Street SW in the Township (the "Property"), that precluded its use for an expanded solid waste disposal facility are invalid as applied to the Property. Republic is entitled to expand its facility to its full capacity of 258 acres.
 {¶ 13} "2. Bob Burkhart, in his official capacity as Township Zoning Inspector, is ordered to issue a Zoning Certificate for the expansion and operation of Republic's solid waste facility and associated facilities on the Property to its full capacity of 258 acres.
 {¶ 14} "3. Subject to Republic's successful resolution of ERAC Appeal Nos: 795307-795320 and 795323 and 795334, including any and all appeals therefrom, if any, Republic will construct and/or fund the construction of the Interstate-77/Gracemont diamond entrance and exit ramps ("Ramp"). Republic will expect the contribution of $3,000,000.00 from the federal government, which has been budgeted for the Ramp, and the $3,000,000.00 committed for the Ramp by the Stark, Tuscarawas, Wayne Joint Solid Waste Management District (the "District") for constriction of the Ramp, provided that the District receives a Judicial determination of its right to expend such funds for the construction of the Ramp. In the event, however, that the federal government fails to appropriate the $3,000,000.00 for construction of the ramp and/or the District fails to receive a judicial determination of its right to expend such funds for the construction of the Ramp, Republic shall make up any shortfall.
 {¶ 15} "4. Provided that the pending appeal in ERAC Appeal Nos: 7953077-95320 and 795323 and 795334, including any and all appeals therefrom, if any, are resolved in favor of Republic and if for any reason the Ramp fails to receive the necessary governmental approvals for its construction, Republic will contribute up to $10,000,000.00 for the construction of an alternate road and for the purchase of any properties adjacent to said alternate road.
 {¶ 16} "5. Republic and the Township will use all reasonable efforts to procure and expedite the construction of the Ramp and/or the alternate road and to obtain all funds available from the federal government and the district for the construction of the Ramp.
 {¶ 17} "6. The Township will permit construction and operation of the landfill 14 hours a day, 6 days per week from 6:00 A.M. to 8:00 P.M. There will be no Sunday operations.
 {¶ 18} "7. All claims by Republic against the Township for damages are hereby withdrawn. This Judgment resolves all remaining claims by the Republic against the Township.
 {¶ 19} "8. The provisions of this Consent Judgment shall be binding upon and shall enure to the benefit of the parties hereto and their respective successors and assigns.
 {¶ 20} "9. The Court retains jurisdiction of this action in order to enforce the terms of this Judgment and to resolve any issues which may arise relating thereto.
 {¶ 21} "10. The parties waive any right they may have to appeal this Judgment." {¶ 22} Appellant Charton moved in that case to vacate the Consent Judgment and intervene.
 {¶ 23} The Court in 2004CV02705 determined that it lacked jurisdiction to grant either the 60(B) or Motion to Intervene since the Consent Entry had closed the case.
 {¶ 24} On a supplemental Motion, Judge Sinclair determined that Judge Lioi's denial of Intervenor Charton's Motion to Intervene in the underlying case to this cause (2004CV02656) was controlling as to intervention and denied such motion to intervene and the 60(B) as he lacked standing. These decisions are the subject of an appeal in 2005-CA-00045.
 {¶ 25} In this Appeal from Stark County Case 2004CV02656, Intervenor Charton raises four Assignments of Error:
 {¶ 26} "I. THAT THE TRIAL COURT ERRED IN FAILING TO RESPOND TO AND ACT UPON THE MOTION OF THE INTERVENOR/APPELLANT — FRED CHARTON, TO INTERVENE IN THE CHAPTER 2506 O.R.C. ADMINISTRATIVE APPEAL PROCEEDINGS AND IN FAILING TO ALLOW SAID APPELLANT — FRED CHARTON, TO PARTICIPATE IN THE PROCEEDINGS OF THE TRIAL COURT AND TO SUBMIT ARGUMENTS AND BRIEFS UPON THE RECORD AS WELL AS IN RESPONSE TO THE PLAINTIFF/APPELLEE — REPUBLIC SERVICES OF OHIO II, LLC'S CLAIMS FOR DETERMINATION OF THE APPEAL UPON GROUNDS OF RES JUDICATA, COLLATERAL ESTOPPEL AND/OR MOOTNESS.
 {¶ 27} "II. THAT THE TRIAL COURT ERRED IN FAILING TO HEAR AND DETERMINE THE INSTANT CHAPTER 2506 O.R.C. ADMINISTRATIVE APPEAL UPON THE RECORD AND TRANSCRIPT OF THE PROCEEDINGS HELD BELOW BY THE PIKE TOWNSHIP BOARD OF ZONING APPEALS AND IN FAILING TO AFFIRM THE ADMINISTRATIVE DECISION BELOW UPON SAID RECORD AND BY INSTEAD DISMISSING SAID CASE AS MOOT BASED UPON MATTERS AND INFORMATION WHICH WERE NOT PART OF THE RECORD ON APPEAL AND WHICH DID NOT INVOLVE ALL PARTIES IN INTEREST IN THE SUBJECT CASE.
 {¶ 28} "III. THAT THE TRIAL COURT ERRED IN FINDING THAT THE SETTLEMENT AGREEMENT AND CONSENT JUDGMENT ENTERED INTO BETWEEN THE PLAINTIFF/APPELLEE — REPUBLIC SERVICES OF OHIO II, LLC AND PIKE TOWNSHIP TRUSTEES IN ANOTHER ACTION IN STARK COUNTY COMMON PLEAS COURT (WHICH WAS FILED SUBSEQUENT TO THE INSTANT CHAPTER 2506 ADMINISTRATIVE APPEAL AND IN WHICH ACTION KNOWN ADVERSELY EFFECTED PARTIES IN INTEREST INCLUDING THE APPELLANT F-RED CHARTON WERE DELIBERATELY NOT JOINED OR NOTIFIED AND WHICH CONSENT JUDGMENT WAS JOINTLY AND COLLUSIVELY ENTERED INTO BY THE PARTIES TO THE SAME AND INVOLVED NO BONA FIDE DISPUTED CASE AND CONTROVERSY BETWEEN ADVERSARY PARTIES AND WHICH IN NO WAY CONSTITUTED AN INDEPENDENT TRIAL AND DETERMINATION OF FACTS AND ISSUES BY THE TRIAL JUDGE IN THAT CASE) HAD COLLATERAL ESTOPPEL OR RES JUDICATA EFFECT RESOLVING ALL THE MATTERS AT ISSUE IN THE INSTANT CASE AND RENDERING THE ADMINISTRATIVE APPEAL BEFORE THE TRIAL COURT MOOT; AND ACCORDINGLY THE TRIAL COURT FURTHER ERRED IN DISMISSING THE INSTANT CHAPTER 2506 ADMINISTRATIVE APPEAL UPON THE BASIS OF SAID SETTLEMENT AGREEMENT/CONSENT JUDGMENT.
 {¶ 29} "IV. THE TRIAL COURT DECISION DISMISSING THE SUBJECT CHAPTER 2506 ADMINISTRATIVE APPEAL IS ERRONEOUS BECAUSE THE SAME IS UNSUPPORTED BY AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW; AND CORRESPONDINGLY BECAUSE THE OVERWHELMING WEIGHT OF THE EVIDENCE CONTAINED IN THE RECORD, IN FACT, ESTABLISHES THAT THE DECISION OF THE PIKE TOWNSHIP BOARD OF ZONING APPEALS IN QUESTION IN THIS ACTION WAS PROPER AND LAWFUL AND SUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, CREDIBLE AND PROBATIVE EVIDENCE UPON THE WHOLE RECORD."
 {¶ 30} In addressing the assignments of error, we determine, first of all, that the issue in this administrative R.C. 2106 appeal differs factually from our decision in a companion case,Charton v. Pike Township Board of Zoning Appeals (____, 2005), Stark County App. No. 2005CA00032, in that in such case the Zoning Ordinance provided for a twenty-five percent (25%) expansion of a non-conforming use and in this case a quasi-judicial determination as to permission to expand the landfill was presented. We are not involved in the question of constitutionality, public utility designation nor pre-emption by State statute as were initially encompassed by the complaint filed in Common Pleas Case No. 2004CV02705, which forms the predicate to the companion Appellate Case No. 2005CA00045.
 {¶ 31} The motion to intervene in this cause was filed on September 15, 2004, and at such time the Appellant, Fred Charton, as an adjoining property owner, had an absolute right to be joined as a party to this cause under Roper v. Bd. Of ZoningAppeals (1962), 173 Ohio St. 168. Shoemaker v. First Nat'l Bankof Ottawa (1981), 66 Ohio St. 304 and this Court's decision inAmerican Sand Gravel v. Theken (1987), 41 Ohio App.3d 98.
 {¶ 32} If made a party, as required, his participation in this dismissal by stipulation would have been required.
 I, II, III {¶ 33} We shall address the Assignments of Error together.
 {¶ 34} Appellant Charton had an absolute right to be joined as a party to the 2106 appeal as the ultimate decision thereon, in the absence of the consent decree granted in Common Pleas Case 2004CV02705, Appellate Case 2005CA00045. This right accrued notwithstanding his position before the board was successful as there is no logical basis to determine a right to be jointed exists if unsuccessful in a Board's action but no right if successful as the adversity still exists or potentially exists.
 {¶ 35} In American Sand Gravel, Inc. (1987),41 Ohio App.3d 98, this court held:
 {¶ 36} "Owners of property adjacent to property in question who have appeared with counsel at hearing before township board of zoning appeals and whose position has been sustained by board may intervene as matter of right in a subsequent appeal filed in court of common pleas by unsuccessful owner. R.C. § 2506.01 et seq.; Rules Civ.Proc., Rule 24(A)(12)."
 {¶ 37} The Ohio Supreme Court in Roper v. Board of ZoningAppeals, Township of Richfield, Summit County (1962),173 Ohio St. 168, stated:
 {¶ 38} "A township resident, elector and property owner who appears before township board of zoning appeals is represented by attorney, opposes changing of zoning of area from residential to commercial, and advises board on record that if decision of board is adverse to him he intends to appeal to a court, has right to appeal to Common Pleas Court if appeal is properly and timely made pursuant to statute. R.C. §§ 519.15, 2505.01 et seq., 2506.01-2506.04.
 {¶ 39} "Property owner, who objected to variance from residential zoning with respect to parcel of land in same township and advised board of zoning appeals that if it decided adversely to him his attorney intended to appeal matter, was "party" to proceeding for purposes of appeal to Common Pleas Court from adverse decision of board. R.C. §§ 519.15, 2505.01-2505.45, 2506.01-2506.04. Syllabus by the Court."
 {¶ 40} Also, the court held in Schomaeker v. First NationalBank of Ottawa, et al. (1981), 66 Ohio St.2d 304:
 {¶ 41} "Property owner, who was adversely affected by village's planning commission's order granting variance permitting use of contiguous property within residential zone as a parking lot for bank, could not challenge granting of the variance in declaratory judgment action on theory that granting of variance was against weight of the evidence and contrary to law where owner failed to exhaust her administrative remedies by appealing grant of the variance to common pleas court. R.C. § 2506.01."
 {¶ 42} Such case was reversed on other grounds as the property owner therein chose to proceed by declaratory judgment rather than exhausting available remedies.
 {¶ 43} In addition, R.C. 119.12 governs appeals from administrative agencies to the court of common pleas. In reviewing an administrative decision, the common pleas court is not permitted to try the issues de novo, nor may it substitute its judgment for that of the administrative agency, see, e.g.,Smith v. Sushka (1995), 103 Ohio App.3d 465, 569 N.E.2d 875. The role of the common pleas court in an administrative appeal is limited to determining whether the judgment of the administrative agency is supported by reliable probative and substantial evidence and is in accordance with law, see Pons v. Ohio StateMedical Board (1993), 66 Ohio St.3d 619, 614 N.E.2d 748. An administrative appeal is separate and independent from a declaratory action dealing with the same zoning, and can be prosecuted separately.
 {¶ 44} Appellant rightly argues the trial court went beyond the record before it and accepted an agreed entry filed in a separate case as dispositive of the issues in this case. Had the court permitted the appellant to intervene, not all the parties would have stipulated the administrative appeal was moot.
 {¶ 45} The First, Second and Third Assignments of Error are sustained.
 IV {¶ 46} Because the trial court dismissed the appeal as moot it never determined the merits of the administrative action. The fourth assignment of error is premature.
 {¶ 47} This cause is reversed and remanded to the Court of Common Pleas to grant Appellant Charton's Motion to Intervene.
 {¶ 48} The Court may have to review the Consent Judgment and procedures thereof of Common Pleas Case 2004CV02705, Appellate Case 2005CA00045 to determine if such decree renders this 2106 appeal moot.
 {¶ 49} Reversed at Appellant, Republic Services of Ohio II, LLC's costs. By: Boggins, P.J.
Gwin, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded.
Costs assessed to Appellant Republic Services of Ohio II, LLC.