JOURNAL ENTRY AND OPINION
{¶ 1} Strongsville, Ohio residents Henry Obojski, et al. (appellants) appeal the court's denial of their motion to intervene as taxpayers in a settled zoning case between Visconsi Royalton, Ltd., et al., (Visconsi) and the City of Strongsville (the City). After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} Visconsi owns approximately 49 acres of land (the property) in Strongsville and has been involved in zoning litigation with the City since 1998. The facts of the instant case have been detailed in previous court opinions. See State ex rel. Obojski v. Perciak,113 Ohio St.3d 486, 2007-Ohio-2453; State ex rel. Obojski v. Perciak, Cuyahoga App. No. 87007, 2006-Ohio-5238; Visconsi-Royalton, Ltd. v. City ofStrongsville, Cuyahoga App. No. 83128, 2004-Ohio-4908;Visconsi-Royalton, Ltd. v. City of Strongsville (2001),146 Ohio App.3d 287. For purposes of this appeal, the following facts are pertinent.
 {¶ 3} The gist of the parties' dispute involved rezoning the property from essentially residential use to commercial or general business use. After years of litigation, including two appeals, the trial court issued a journal entry on June 7, 2005, memorializing a settlement agreement between Visconsi and the City. The pertinent terms of the settlement are summarized as: 1) Visconsi would develop most of the land commercially, including an "anchor store" and a gasoline fuel station; 2) Approximately 17 acres of the property would be conserved as a "buffer" *Page 2 
for nearby residential neighborhoods; 3) The parties would agree to a final site plan, which the court must approve "only if there is a disagreement between the Plaintiffs and the City"; and 4) The parties shall work together to obtain the appropriate permits.
 {¶ 4} Over two years later, on June 22, 2007, appellants filed a motion to intervene as taxpayers, pursuant to R.C. 733.581 and Civ. R. 24, arguing that "the property cannot legally be zoned" as agreed upon in the settlement. On October 29, 2007, the court summarily denied appellants' motion to intervene. It is from this order that appellants appeal.
 II {¶ 5} In their sole assignment of error, appellants argue that "the trial court erred by overruling the Appellant/Taxpayers' Motion to Intervene to declare a municipality's Settlement Agreement violative of the city Charter, to enjoin the illegal use of municipal authority." Specifically, appellants ask us to set aside the settlement agreement because it goes against the city Charter, city ordinances, and this court's prior opinion.
 {¶ 6} We review the denial of a motion to intervene under an abuse of discretion standard. McKesson Medical-Surgical Minn., Inc. v. MedicoMed. Equip. Supplies, Inc., Cuyahoga App. No. 84912, 2005-Ohio-2325. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore *Page 3 
(1983), 5 Ohio St.3d 217, 219.
 {¶ 7} Civ. R. 24 governs intervention, and in the instant case, appellants argue that they are "entitled to intervention of right" pursuant to Civ. R. 24(A), which reads as follows:
 "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 8} First, appellants argue that R.C. 733.581 confers on them the unconditional right to intervene as taxpayers, thus satisfying Civ. R. 24(A)(1). R.C. 733.581 states in part that "[i]n any civil action or proceeding involving the public interest the court shall grant the application of any person to intervene if the court believes that the public interest will be better protected or justice will be furthered."
 {¶ 9} Second, appellants argue that Civ. R. 24(A)(2) applies in that they have an interest in the property in question that is not being adequately protected. As support for this argument, appellants rely on two cases, Republic Servs. of Ohio II, LLC v. Pike Twp. Bd. of ZoningAppeals, Stark App. No. 2004 CA 00395, 2005-Ohio-6463 and Peterman v.Pataskala (1997), 122 Ohio App.3d 758.
 {¶ 10} Republic Servs. stands for the proposition that "[o]wners of property adjacent to property in question who have appeared with counsel at hearing before [a] township board of zoning appeals and whose position has been sustained by [a] *Page 4 
board may intervene as [a] matter of right in a subsequent appeal filed in [the] court of common pleas by unsuccessful owner." (QuotingAmerican Sand Gravel, Inc. v. Theken (1987), 41 Ohio App.3d 98.)
 {¶ 11} In the instant case, appellants, who are collectively three Strongsville taxpayers, do not argue, nor do we find evidence in the record, that they own property adjacent to the property in question. Additionally, appellants did not appear before the administrative zoning agencies at any time during this dispute. Accordingly, we find thatRepublic Servs. can be distinguished from the case at hand.
 {¶ 12} In Peterman, litigation over rezoning certain property began in November 1996. On January 21, 1997, contiguous property owners and nearby neighbors filed a motion to intervene, alleging "health and safety hazards from the low permeability of the soil, the lack of a central sewer system, and the increased traffic." A few days after the motion was filed, but before the court ruled on it, the parties reached a settlement agreement which the court journalized. Subsequently, on February 3, 1997, the court denied the motion to intervene. The Fifth District Court of Appeals of Ohio reversed the trial court's denial, finding that the motion was timely filed by applying the following five factors: "(1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to *Page 5 
the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention." Id. at 762.
 {¶ 13} Because timeliness is dispositive of the instant case, we apply the five-pronged Peterman test to the facts at hand. First, Visconsi and the City entered into the settlement agreement on June 7, 2005. Appellants filed their motion to intervene on June 22, 2007 — over two years after litigation ended between Visconsi and the City.
 {¶ 14} Second, appellants seek to intervene in this case to protect their taxpayer rights by having the settlement agreement declared void and enjoining the parties from implementing the terms of the agreement. Appellants' allegations do not center around specific property rights outside their status as taxpayers; rather, they argue that "[a]s citizens and Taxpayers of the City of Strongsville, it is clearly in their interest that the Charter of the City be upheld and that the zoning regimen be followed."
 {¶ 15} Third, litigation dates back to August 29, 1998, when Visconsi filed the original action in the common pleas court. The dispute itself dates back to at least 1993, when Visconsi first approached the City to rezone the property. It is reasonable to assume that appellants knew or should have known about this zoning battle at some point over the past 15 years. However, there is evidence in the *Page 6 
record that appellants had actual knowledge as early as June 9, 2005. See Obojski, supra, 113 Ohio St.3d 486, 488 (noting that "On June 9, 2005, shortly after the common pleas court had entered the agreed judgment entry, appellants — three residents and taxpayers of Strongsville — demanded that the law director have [the agreement] `declared invalid ***'"). In addition, on September 9, 2005, appellants filed a writ of mandamus in this court, arguing the same issues as in the motion to intervene and the instant appeal. See Obojski, supra, Cuyahoga App. No. 87007, 2006-Ohio-5238. *Page 7 
 {¶ 16} Fourth, Visconsi submitted an affidavit stating that the company has incurred $1,280,306.02 in expenses in architectural, engineering, legal, etc., fees in reliance upon the settlement and judgment entry. In addition, city ordinances have been enacted, final site plans have been submitted, and permits have been issued regarding commercial development of the property. Compare with Pinkney v.Southwick Investments, LLC, Cuyahoga App. Nos. 85074 and 85075,2005-Ohio-4167 (holding that dismissal on mootness grounds was proper when the appellant failed to obtain a stay of execution and, at the time of the appeal, construction on one of five proposed buildings was substantially complete, storm sewer, sanitary sewer, and underground utility lines were installed, and rough grading work was complete).
 {¶ 17} The fifth and final factor for analysis is whether "unusual circumstances" weigh in favor or against intervention. Appellants in the instant case refer to themselves as "citizens and taxpayers of the City." There is no evidence in the record that appellants own parcels of land adjacent to the property in question. The very few cases that are on point with the case at hand involve landowners attempting to intervene to protect their abutting property rights. See, e.g.,Republic Servs.; Peterman, supra. Therefore, it may be unusual that appellants seek to intervene claiming a right as a taxpayer rather than an adjacent property owner.
 {¶ 18} The Peterman court held that the motion to intervene was timely filed, noting that "since the motion to intervene was filed before the agreed judgment *Page 8 
entry, we find that no prejudice would result to appellees ***." In the instant case, the motion to intervene was filed two years after the agreed judgment entry, although appellants vocalized their opposition to the settlement days after it was entered into. The commercial construction process, although not complete, substantially moved forward during that time frame. Given this above analysis, we find that the court did not abuse its discretion in denying appellants' motion to intervene, as it was not filed in a timely manner.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 1