[Cite as *Copeland v. Pinter*, 2019-Ohio-409.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| LAUREEN RUTH MOORE COPELAND, SUCCESSOR TRUSTEE, CLARENCE M. MOORE AND LAURA P. MOORE TRUST, | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2017-P-0048** |
| | : | |
| Appellee, | : | |
| - vs - | : | |
| (WILLIAM T. PINTER, et al., | : | |
| Appellants.) | : | |

Appeal from the Portage County Court of Common Pleas, Case No. 2016 CV 01011.

Judgment: Appeal dismissed.

*Darrell Arthur Clay*, *Aimee Weiss Lane*, and *Brendan D. Healy*, Walter Haverfield LLP, The Tower at Erieview, 1301 East Ninth Street, Suite 3500, Cleveland, OH 44114 (For Appellee).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Hiram Township).

*Edgar H. Boles*, Dinn, Hockman & Potter, LLC, 5910 Landerbrook Drive, Suite 200, Cleveland, OH 44124; *Lee Alfred Chilcote*, and *Christina C. Tizzano*, Chilcote Law Firm, LLP, 12434 Cedar Road, Suite 7, Cleveland Heights, OH 44106 (For Leona A. Pinter and William T. Pinter).

THOMAS R. WRIGHT, P.J.

{¶1} The Hiram Township Board of Zoning Appeals (BZA) issued a nonconforming use certificate for the Far View Airport to Appellee Laureen Ruth Moore

Copeland, Successor Trustee, Clarence M. Moore and Laura P. Moore Trust (Moore) with conditions. Moore appealed the BZA decision to the Portage County Court of Common Pleas, and Hiram Township was the appellee. Neither William T. Pinter nor Leona Pinter appealed the BZA's decision nor were they otherwise parties.

{¶2} Hiram Township appealed the trial court's decision to this court in a companion case, numbered 2017-P-0044, and Moore cross-appealed.

{¶3} In this case, appellants, William T. and Leona Pinter (the Pinters), separately appeal the trial court's decision asserting two assigned errors.

{¶4} In response, Moore argues for dismissal because the Pinters lack standing to appeal. We agree.

{¶5} A person has standing to appeal a Board of Zoning Appeals' decision under R.C. 2506.01 as a party to the proceedings if he:

{¶6} "'(1) was a resident, elector, and property owner of the township directly affected by the zoning change, (2) * * * appeared before a township board of zoning appeals with an attorney to protest the zoning change, and (3) * * * stated his intention on the record to appeal the board's decision to the common pleas court.' *Kraus v. Put-In-Bay Township Bd. of Zoning and Appeals,* 6th Dist. No. OT-04-011, 2004-Ohio-4678, at ¶15." *Hofer v. N. Perry Bd. of Zoning Appeals,* 11th Dist. Lake No. 2007-L-165, 2008-Ohio-6876, ¶17.

{¶7} The Pinters appeared at the BZA hearing with counsel and were neighboring residents with an interest in the decision. However, they did not appeal the decision to the trial court and were not otherwise parties.

2

{¶8} R.C. 2506.04 permits an appeal from the trial court's decision in an administrative appeal, and states in part, "[t]he judgment of the [trial] court may be appealed by *any party* on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." (Emphasis added.)

{¶9} Thus, although the Pinters may have had standing to appeal the BZA decision to the court of common pleas, they did not do so. The Pinters likewise did not move to intervene via Civ.R. 24 as parties in the appeal to the trial court. *Nutter v. Concord Tp. Bd. of Zoning Appeals,* 11th Dist. Lake No. 92-L-118, 1993 WL 256808, *2 (June 30, 1993) (recognizing interested property owner's right to intervene).

{¶10} Because the Pinters were not parties to the appeal before the trial court, they do not have standing to appeal its decision. R.C. 2506.04; *In re Stanley,* 9th Dist. Summit No. 20128, 2000 WL 1507917, *3 (Oct. 11, 2000); *Bailes v. Martino*, 2 Ohio App.2d 197, 199, 207 N.E.2d 385, 387 (7th Dist.1963) (holding the failure to appeal a board's decision and failing to intervene precludes the right to allege error on appeal).

{¶11} Accordingly, the Pinters' appeal is dismissed.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3